

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2002

# Conery v. Niccollai

Precedential or Non-Precedential:

Docket No. 01-3064

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Conery v. Niccollai" (2002). *2002 Decisions.* Paper 246.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/246

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3064

WILLIAM J. CONERY; FRANK A. FUSCO; KENNETH BURDGE

v.

JOHN NICCOLLAI, JR., individually and in his official capacity as President
   of Local 464A, Food and Commercial Workers Union, AFL-CIO;
RAMON RANDO, individually and in his official capacity as Secretary-Treasurer
of Local 464A; GRIFF MCELROY, individually and in his capacity as Recorder
of Local 464A; GEORGE PLESA, individually and in his official capacity as
Chairman of the Executive Board of Local 464A; FRANK HANLEY, individually
and in his official capacity as Contract Administrator; FRANK DICHRISTINA;
DONALD LIGON; WILLIAM WRIKER, individually and in their official capacities
as Business Agents of Local 464A; UNITED FOOD COMMERCIAL WORKERS
 UNION, AFL-CIO; SHOPRITE SUPERMARKETS, INC.;WALTER BIERNACKI,
individually and in his official capacity as Vice President of Local 464A; WAYNE
WILLIAMS, individually and in his capacity as Director - Pension & Prescription
Benefits of Local 464A; JOHN T. NICCOLAI, SR., individually and in his capacity
as Trustee of the Local 464A Pension Fund; LOCAL 464A, UNITED FOOD AND
   COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO; LOCAL 464A
      PENSION FUND ADMINISTRATOR AND BOARD OF TRUSTEES; MARTIN
QUINN, in their capacity as administrators and trustees of the Local 464A Pension Fund;
GILBERT C. VUOLO, in their capacity as administrators and trustees of the
Local 464A Pension Fund; DEWEY CANNELLA, in their capacity as administrators
and trustees of the Local 464A Pension Fund; ISADORE ZALKIN, in their capacity
 as administrators and trustees of the Local 464A Pension Fund

v.

 JOHN NICCOLLAI, JR.; RAMON RANDO; GRIFF MCELROY; GEORGE PLESA;
 FRANK HANLEY; FRANK DICHRISTINA; DONALD LIGON; WILLIAM WRIKER;
WAYNE WILLIAMS; JOHN T. NICCOLAI, SR.; MARTIN QUINN; GILBERT C.
    VUOLO; DEWEY CANNELLA; ISADORE ZALKIN; WALTER BIERNACKI,

Third Party Plaintiffs

v.

HAROLD KRIEGER, The Estate of Harold Krieger; STEPHANIE KRIEGER;
 LOWELL HARDWOOD, as Executors of the Estate of Harold Krieger,

Third Party Defendants

(D.C. No. 92-cv-00840)

FRANK A. FUSCO; KENNETH BURDGE

v.

JOHN T. NICCOLAI, JR., individually and in his capacity as President of local 464A,

United Food and Commercial Workers International Union, and as Trustee of the Local
464A Pension Fund; RAMON RANDO, individually and in his capacity as
Secretary-Treasurer of Local 464A and as Trustee of the Local 464A Pension Fund;
GRIFF MCELROY, individaully and in his capacity as Recorder of Local 464A;
FRANK HANLEY, individually and in his capacity as Contract Administrator of
Local 464A; WAYNE WILLIAMS, individually and in his capacity as Director - Pension
& Prescription Benefits of Local 464A; JOHN T. NICCOLAI, SR., individually
and in his capacity as Trustee of the Local 464A Pension Fund; LOCAL 464A,
    UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION,
  AFL-CIO; LOCAL 464A PENSION FUND ADMINISTRATOR AND BOARD OF
TRUSTEES; WALTER BIERNACKI, individually and in his capacity as Vice President
of Local 464A and as Trustee of the Local 464A Pension Fund; MARTIN QUINN,
in their capacity as administrators and trustees of the Local 464A Pension Fund;
GILBERT C. VUOLO, in their capacity as administrators and trustees of the Local 464A
Pension Fund; DEWEY CANNELLA, in their capacity as administrators and trustees
of the Local 464A Pension Fund; ISADORE ZALKIN, in their capacity as administrators
            and trustees of the Local 464A Pension Fund

                    (D.C. No. 92-cv-01458)


                        Frank A. Fusco,
                            Appellant



            Appeal from the United States District Court
              for the District of New Jersey, Newark
              (D.C. Civ. Nos. 92-CV-840 & 92-CV-1458)



Before: SCIRICA and COWEN, Circuit Judges,
RESTANI, Judge, United States Court of International Trade

                    (Filed: April 4, 2002)




                        OPINION


RESTANI, Judge:
     Frank Fusco appeals a breach of contract judgment awarded to Local 464A, Food and
Commercial Workers Union, AFL-CIO ("Local 464A").  The litigation with respect to Fusco was
commenced by Local 464A in the Superior Court of New Jersey.  After the contract was found to
be valid, Local 464A's breach of contract action was removed to the District Court as a
counterclaim to Fusco's action under the Labor Management Reporting and Disclosure Act
(LMRDA) of 1959,  401, 29 U.S.C.  481 (1994).  This action was consolidated in the District
Court with suits brought by William Conery and Kenneth Burdge alleging various claims arising
from allegations that certain officials of Local 464A were illegally suppressing dissent in th
Local 464A.  The District Court dismissed all of appellant's claims and awarded the union
$339,191.41 in damages, plus interest and costs.
                    STATEMENT OF FACTS
     The following summary of the underlying facts is taken from the Report and
Recommendation of Magistrate Judge G. Donald Haneke dated January 30, 1998 ("Report I")
which was adopted by the District Court on May 20, 1998, and which we find to be correct in al
its essentials.
        Fusco became a member of Local 464A in 1951.  In 1982, he was appointed to the
position of Secretary-Treasurer of Local 464A following the retirement of the former Secretary
Treasurer.  In 1983, the union membership elected him to the position.  In 1986, Fusco was re-
elected Secretary-Treasurer.  During this time, John T. Niccollai, Jr. served as the president
Local 464A.  Niccollai was appointed as president in 1980 after the death of the former

President, then re-elected in 1982, 1983, 1986, 1989, 1992 and 1995.

Between June 1986 and May 1987, the working relationship between Fusco and Niccollai deteriorated. Fusco refused to discharge the duties delegated to him by Niccollai, and otherw frustrated Niccollai's directives. On May 6, 1987, Niccollai directed Fusco to supervise the Local 464A office in Yonkers, New York and the organizational drive in Westchester County. The following day, Fusco refused to comply and instructed his staff to disregard Niccollai's orders. On May 22, 1987, the union filed a complaint against Fusco alleging violations of the union's constitution and bylaws. Fusco, accompanied by his attorney, met with Niccollai and t attorney representing Local 464A. At the meeting held on May 26, 1987, the parties negotiated settlement of the disciplinary charges against Fusco. The agreement was memorialized in the form of letters.

Fusco's May 26, 1987 letter of resignation addressed to Niccollai indicated that Fusco intended to retire from his position as Secretary-Treasurer on September 18, 1987, and would take a leave of absence until that date. The letter also contained requests for certain benef severance including: two weeks severance pay for each year of service; full benefits and continued use of a union automobile during his leave of absence; an automobile; continuation o his union benefits; and a life insurance policy. In a second letter from Fusco to the union executed on the same date, Fusco indicated that in exchange for the benefits listed in his fir letter, he promised not to seek any elected position in the union, not to engage in any union politicking, and not to support any candidate for any elected union position. These two lette referred to as the "Letter Agreements." Local 464A accepted these Letter Agreements and subsequently paid to Fusco the benefits he requested. Despite these agreements, however, Fusc engaged in union politics by supporting other candidates in campaigns for union offices.

## DISCUSSION

Fusco argues that the Letter Agreements violate the LMRDA, specifically 28 U.S.C. 481(g). Section 481(g) provides:

> No moneys received by any labor organization by way of dues, assessment or similar levy, and no moneys of an employee shall be contributed or applied to promote the candidacy of any person in any election subject to the provision of this subchapter. Suc money of a labor organization may be utilized for notices, brief, factual statements of issues not involving candidates, and other expenses necessary for the holding of an election.

Id.

First, Fusco has no private right of action under 481(g). Kraska v. United Mine Workers of Am., et al., 686 F.2d 202, 205 (3rd Cir. 1982) ("Title IV's provisions may be enforced only by the Secretary of Labor."). Second, the Letter Agreements did not promote the candidacy of any person. They were signed two years before any Local 464A election to settle a disciplinary dispute. Finally, Fusco was represented by a lawyer and did not act out of duress. He gave up union membership status and the benefits attendant thereto in order to obtain benefits as a retiree to which he was not otherwise entitled. No provision of the LMRDA prevents this and appellant has cited no case prohibiting such action.

Report I details Fusco's breach of the Letter Agreements. Nothing in the Letter Agreements prevents the award of damages. The Magistrate Judge's Final Report and Recommendation of June 1, 2001, ("Report III") adopted by the District Court on June 29, 2001, lists the various damages stemming from the breach, which damages were clearly documented.

Fusco also appeals the May 20, 1998 District Court granting of partial summary judgment as to the consolidated claims under 29 U.S.C. 501(a), which reads in pertinent part:

> The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder.

It is not per se unreasonable to expend monies to settle disciplinary matters. Further, the funds will now be recovered by the union.  As stated in the Magistrate Judge's Report of February 26, 1998, ("Report II"), "Section 501 is not a mechanism for judicial oversight of union decision making."  Appellant has not presented evidence of a 501 violation in connection with the Letter Agreements, as Report II found.

Appellant also alleges that a RICO complaint by Local 464A against William Conery constitutes a   501 violation because the suit caused Local 464A to pay Conery's legal fees as part of a settlement.  The NLRB approved the settlement and appellant did not present evidence demonstrating that the expenditure of funds was unreasonable or arbitrary, as found in Report II.  Congress passed   501 to combat union corruption.  See Sabolsky v. Budzanoski, 457 F.2d 1245, 1250 (3rd Cir. 1972).  Not every ill-conceived move on the part of a union constitutes a   501 violation.  The District Court did not err in adopting Reports I, II or III.

The judgment entered on September 27, 2001 as to appellant Fusco will be AFFIRMED.

_____

TO THE CLERK:
     Please file the foregoing opinion.


                         /s/ Jane A. Restani
                              Judge


DATED:  April 4, 200